UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO CABRERA-RUIZ,<br><br>                         Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et al.,<br><br>                        Respondents. | Case No.: 26-CV-108 JLS (KSC)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Alfredo Cabrera-Ruiz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents Kristi Noem's (Secretary of the U.S. Department of Homeland Security), Christopher J. Larose's (Warden of Otay Mesa Detention Center), Gregory Archambeault's (San Diego Field Office Director, ICE), Todd Lyons's (Acting Director, U.S. Immigration and Customs Enforcement), and Pamela Bondi's (Attorney General of the United States) (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF No. 5). Petitioner, a Mexican national, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since November 26,

2025. Pet. ¶ 17. Petitioner claims that he is entitled to a bond hearing or release. *Id.* ¶¶ 22–24.

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] Ret. at 2. Because of this, Respondents acknowledge that "Petitioner is detained under 8 U.S.C. § 1226(a)" and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a).[2] *Id.* Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.

## I. Attorney's Fees

Petitioner's counsel still requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet at 10. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

---

[1] On December 18, 2025, the *Bautista* Court entered final judgment finding that the July 8, 2025, DHS Notice redefining who is considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the Administrative Procedure Act. *Maldonado Bautista*, No. 25-CV-1873-SSS-BFM, ECF No. 94.

[2] Respondents also acknowledge that Petitioner was previously granted a bond hearing but withdrew the request due to issues with his prior counsel. Ret at 2. They state that they "remain willing and able to facilitate that bond hearing once Petitioner formally substitutes his current counsel of record in the proceedings before the immigration judge." *Id.*

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Parties **SHALL** file a Joint Status Report by <u>February 9, 2026</u>, informing the Court of the outcome of the hearing. The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment. Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated: January 20, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge